People v Scarborough (2026 NY Slip Op 50304(U))



[*1]


People v Scarborough (Odell)


2026 NY Slip Op 50304(U)


Decided on March 13, 2026


Appellate Term, First Department


Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on March 13, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.



570030/23

The People of the State of New York, Respondent,
againstOdell Scarborough, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Tara A. Collins, J.), rendered November 11, 2022, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered November 11, 2022, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument charging defendant with multiple counts of petit larceny (see Penal Law § 155.25) was not jurisdictionally defective. The instrument recited that on seven separate dates, informant, the store manager of a specified Fabco store, observed defendant "taking several bags from the store shelves," walk past the cash registers, "and exit the store" with the bags without paying for them and without permission or authority. These allegations were facially sufficient to support the charged offense (see People v Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo, 52 NY2d 309, 318-319 [1981]).
Contrary to defendant's contention, the store manager's identification of defendant as the perpetrator was based upon her personal observation of him, and was nonconclusory. Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]; People v Roldan, 71 Misc 3d 135[A], 2021 NY Slip Op 50426[U] [App Term, 1st Dept 2021], lv denied 37 NY3d 995 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 13, 2026









